# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| ANTHONY CRAWLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 4:16-CV-9-TLS |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

The Petitioner, a pro se prisoner, filed a habeas corpus petition [ECF No. 1] challenging ISP 15-05-0033, a prison disciplinary proceeding held at the Indiana State Prison on May 26, 2015, where the Disciplinary Hearing Body (DHB) found him guilty of Disfigurement in violation of C-304 and sanctioned him with restitution in the amount of $12,666.50. The Petitioner did not lose any earned credit time, nor did he receive a demotion in credit class.

The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, because this disciplinary proceeding did not result in the lengthening of the duration of the Petitioner's confinement, habeas corpus relief is not available.

The Petitioner argues that the amount of restitution is incorrect. Although the Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law," neither a negligent deprivation of property nor an unauthorized intentional deprivation of property by a state employee constitutes a violation of the

procedural requirements of the Fourteenth Amendment if the state provides an adequate post-deprivation remedy for the loss. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). As a general rule, the Indiana Tort Claims Act, Ind. Code § 34-13-3-1 *et seq.*, provides a sufficient remedy for loss of personal property, including loss of or damage to legal materials. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") Thus, to the extent the Petitioner alleges that the Respondent wrongfully deprived him of property, he may have a remedy in state court, but he does not have a remedy in this Court.

Additionally, pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation marks omitted). As explained above, because the disciplinary proceeding did not result in the lengthening of the duration of the Petitioner's confinement, habeas corpus relief is not available. Accordingly, the Court declines to issue the Petitioner a certificate of appealability.

For the foregoing reasons, the petition [ECF No. 1] is DENIED WITHOUT PREJUDICE. The Court also DENIES the Petitioner a certificate of appealability.

SO ORDERED on January 28, 2016.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION